UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CYNTHIA HARDIN,

          Plaintiff,

v.

DOMESTIC ABUSE SHELTER, INC.,
and VENITA GARVIN,

          Defendants.

_____/

## C O M P L A I N T

Plaintiff, CYNTHIA HARDIN, by and through the undersigned counsel, Todd W. Shulby, P.A.,
sues the Defendants, DOMESTIC ABUSE SHELTER, INC., and VENITA GARVIN, and alleges as
follows:

1.      Plaintiff brings this action against Defendants to recover unpaid wages, compensation
and damages.

2.      Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"),
29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3.      The unlawful employment practices alleged below occurred and/or were committed
within this judicial district.

4.      At all times material hereto, Plaintiff has been a citizen and resident of this judicial
district and within the jurisdiction of this Court.

5.      At all times material hereto, DOMESTIC ABUSE SHELTER, INC. was Plaintiff's
employer as defined by law and a corporation conducting business in this judicial district.

6.      At all times material hereto DOMESTIC ABUSE SHELTER, INC.  had employees

engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person.  29 U.S.C. §203.

7.      At all times material hereto, DOMESTIC ABUSE SHELTER, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

8.      At all times material hereto, VENITA GARVIN was Plaintiff's employer as defined by law.  VENITA GARVIN had operational control over DOMESTIC ABUSE SHELTER, INC. and is directly involved in decisions affecting employee compensation and hours worked by employees. Moreover, VENITA GARVIN controlled the finances for DOMESTIC ABUSE SHELTER, INC.

9.       At all times material hereto, Plaintiff was individually engaged in interstate commerce while working for Defendants.

<u>COUNT I: FLSA RECOVERY OF OVERTIME WAGES</u>

10.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 above.

11.     Plaintiff worked for Defendants from approximately July 2013 to March 2016.

12.     Plaintiff worked for Defendants as a Domestic Violence and Sexual Assault Victim Advocate.

13.     Plaintiff's primary duties and responsibilities included acting as an advocate for victims of domestic violence and sexual assault.[1]

14.     Plaintiff was paid at a rate of approximately $27,000 per year.

15.     Plaintiff's position as a Domestic Violence and Sexual Assault Victim Advocate Victim was not an exempt position.

16.     The position of Domestic Violence and Sexual Assault Victim Advocate was not exempt

under the FLSA's professional exemption.

17.     The position of Domestic Violence and Sexual Assault Victim Advocate was not exempt under the FLSA's administrative exemption.

18.     The position of Domestic Violence and Sexual Assault Victim Advocate was not exempt under the FLSA's executive exemption.

19.     Plaintiff's was not employed in an exempt position, during the time she worked as a Domestic Violence and Sexual Assault Victim Advocate.

20.     Plaintiff was not exempt under the FLSA's professional exemption, during the time she worked as a Domestic Violence and Sexual Assault Victim Advocate.

21.     Plaintiff was not exempt under the FLSA's administrative exemption, during the time she worked as a Domestic Violence and Sexual Assault Victim Advocate.

22.     Plaintiff was not exempt under the FLSA's executive exemption, during the time she worked as a Domestic Violence and Sexual Assault Victim Advocate.

23.     Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

24.     Other Domestic Violence and Sexual Assault Victim Advocates employed by Defendant are paid time and one half their regular rate of pay for overtime hours worked.

25.     As a result of in investigation and settlement with the United States Department of Labor, Domestic Violence and Sexual Assault Victim Advocates employed by Defendants were paid for the overtime hours they worked, retroactively.

26.     During one or more workweeks, Defendants did not pay Plaintiff time and one half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

27.     Defendants knew or should have known of the unpaid and/or underpaid overtime hours

---

[1] For a short time, Plaintiff acted as the Shelter Coordinator.

worked.

28.     Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

29.     By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

30.     Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

## TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

## NOTICE OF CONSENT TO JOIN

I, CYNTHIA HARDIN, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A., pursuant to the terms of the Attorney/ Client Agreement and Notice of Attorney's Fees and Costs Lien and Limitation of Client's Right to Settle. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_Cynthia Hardin_
CYNTHIA HARDIN, as Plaintiff

_04/26/2010_
DATE

4

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:     _/s/ Todd W. Shulby, Esq._
        Todd W. Shulby, Esq.
        Florida Bar No.: 068365